**AMENDED ALD-050**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3389
_____

IN RE:  MICHAEL J. ROBINSON,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civil Action No. 4:25-cv-01134)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 18, 2025

Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: January 8, 2026)
_____

OPINION[*]
_____

**PER CURIAM**

In June 2025, pro se litigant Michael Robinson brought a civil-rights action in the

District Court against numerous defendants.  On November 25, 2025, the District Court

dismissed Robinson's second amended complaint with prejudice and directed the District

Court Clerk to close the case.  The next day, Robinson filed two post-judgment motions,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

as well as a notice of appeal challenging the District Court's November 25, 2025 order.[1]

He subsequently filed in our Court a mandamus petition asking us to either (1) compel the District Court to rule on those post-judgment motions, or (2) vacate the District Court's November 25, 2025 order. Thereafter, on December 12, 2025, the District Court entered an order that, inter alia, denied those post-judgment motions and denied his multiple motions to recuse the presiding District Judge. Robinson then amended his notice of appeal to include a challenge to the December 12, 2025 order. He also supplemented his mandamus petition, asking us to expedite our review of his request for mandamus relief, "vacate v[oi]d orders" (presumably, he is referring to the District Court's November 25, 2025 and December 12, 2025 orders), and compel the District Judge's recusal.

Robinson's motion to expedite is denied. And we will dismiss his request for mandamus relief in part and deny it in part. More specifically, in view of the District Court's December 12, 2025 order, we will dismiss his mandamus petition as moot to the extent that it asks us to compel the District Court to rule on his post-judgment motions. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). We will deny his mandamus petition to the extent that it asks us to vacate the District Court's orders. *See Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a

---

[1] Robinson's appeal has been docketed in our Court at C.A. No. 25-3338.

2

substitute for an appeal). And we will deny his mandamus petition to the extent that it seeks the District Judge's recusal. The recusal issue is part of Robinson's appeal, and, in any event, his mandamus filings do not even come close to showing that his right to issuance of the writ is clear and indisputable. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (explaining that, to obtain mandamus relief, a petitioner must show, inter alia, that "no other adequate means [exist] to attain the relief he desires," and that "the party's right to issuance of the writ is clear and indisputable" (alteration in original) (internal quotation marks omitted)).[2] Lastly, to the extent that Robinson seeks any other relief from us in this mandamus action, that relief is denied.

---

[2] Our denial of mandamus relief is without prejudice to Robinson's ability to litigate his appeal at C.A. No. 25-3338.